**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Preston Collection Inc., <br> Plaintiff, <br> v. <br> Steven Youtsey, <br> Defendant. | No. CV-15-00607-PHX-NVW <br><br> **ORDER** |

Before the Court is Preston Collection Inc.'s Motion for an Award of Attorneys' Fees and Non-Taxable Costs (Doc. 66).

**I.  BACKGROUND**

This case arises out of an agreement dated December 29, 2009 by which Steven Youtsey acknowledged his personal debt to Kun-Te Yang in the amount of $1,142,500.00 ("Youtsey Personal Loan"). On March 19, 2015, Yang transferred to Preston Collection Inc. all of his rights, title, and interest in and to the Youtsey Personal Loan, including all rights to enforce the loan and to recover and collect all amounts due thereunder.

On April 3, 2015, Preston sued Youtsey for breach of contract to recover and collect all amounts due under or arising from enforcement of the Youtsey Personal Loan. On September 5, 2017, the Court granted summary judgment in Preston's favor. On October 4, 2017, judgment was entered in favor of Preston and against Youtsey in the amount of: (1) the principal amount of $1,142,500.00, plus (2) pre-judgment interest to

October 4, 2017, in the amount of $866,108.77 at the rate of 10% per annum simple interest, plus (3) post-judgment interest on $2,008,608.77 (the sum of amounts (1) and (2)) at the federal rate of 1.31% per annum from the date of entry of judgment (October 4, 2017) until paid. The October 4, 2017 judgment awarded Preston all of the relief it sought.

Preston seeks award of attorney fees under A.R.S. § 12-341.01(A).

## II. ANALYSIS

### A. Whether to Award Attorney Fees

A.R.S. § 12-341.01(A) provides: "In any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees." An award of fees under § 12-341.01 is discretionary. *Fulton Homes Corp. v. BBP Concrete*, 214 Ariz. 566, 569, 155 P.3d 1090, 1093 (Ct. App. 2007). The statute does not establish a presumption that attorney fees be awarded in contract actions. *Associated Indem. Corp. v. Warner*, 143 Ariz. 567, 569, 694 P.2d 1181, 1183 (1985). In determining whether attorney fees should be granted under § 12-341.01, trial courts may consider the following factors: the merits of the unsuccessful party's case, whether the litigation could have been avoided or settled, whether assessing fees against the unsuccessful would cause an extreme hardship, the degree of success by the successful party, any chilling effect the award might have on other parties with tenable claims or defenses, the novelty of the legal questions presented, and whether such claim had previously been adjudicated in this jurisdiction. *Id.* at 570, 694 P.2d at 1184.

Youtsey does not contend that Preston should be awarded no attorney fees. Preston was entirely successful. The legal questions were not novel, and many breach of contract claims had previously been adjudicated in this jurisdiction. Youtsey admitted that he signed a document acknowledging that he owed Kun-Te Yang a balance of $1,142,500.00 on a personal loan. He did not assert that he had made any subsequent payments on his debt to Yang. Youtsey could have avoided the litigation by paying his

debt. Yang does not explicitly assert that a fee award would cause him an extreme hardship, and he provides no evidence regarding his financial condition. These factors weigh in favor of awarding Preston attorney fees under A.R.S. § 12-341.01(A).

## B. What Constitutes Reasonable Attorney Fees

"Once a litigant establishes entitlement to a fee award, the touchstone under § 12-341.01 is the reasonableness of the fees." *Assyia v. State Farm Mut. Auto. Ins. Co.*, 229 Ariz. 216, 222, 273 P.3d 668, 674 (Ct. App. 2012). "The award of reasonable attorney fees pursuant to [§ 12-341.01] should be made to mitigate the burden of the expense of litigation to establish a just claim or a just defense. It need not equal or relate to the attorney fees actually paid or contracted, but the award may not exceed the amount paid or agreed to be paid." A.R.S. § 12-341.01(B).

To determine reasonable attorney's fees in commercial litigation, courts begin by determining the actual billing rate that the lawyer charged in the particular matter. *Schweiger v. China Doll Rest., Inc.*, 138 Ariz. 183, 187, 673 P.2d 927, 931 (Ct. App. 1983). If persuaded that the contracted hourly rates are unreasonable, courts may use a lesser rate. *Id.* at 188, 673 P.2d at 931.

Under the Arizona Supreme Court's Rules of Professional Conduct, factors to be considered in determining the reasonableness of an attorney fee include the following:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) the degree of risk assumed by the lawyer.

A.R.S. Sup. Ct. Rules, Rule 42, Rules of Prof. Conduct, ER 1.5. In addition, Local Rules require consideration of whether the fee contracted between the attorney and the client is fixed or contingent, the "undesirability" of the case, and awards in similar actions. LRCiv 54.2(c).

Preston entered into engagement agreements with its counsel through which it agreed to pay 70% of counsel's standard hourly rates upon receipt of monthly invoices and to pay all out-of-pocket costs and expenses. Preston agreed to pay a contingent fee consisting of the remaining 30% of counsel's standard hourly rates if Preston's claim was resolved, plus 20% of the net amount recovered as a result of resolution of Preston's claim.

Preston's counsel billed Preston at 70% of usual rates for a total of 296.3 hours from March 19, 2015, through October 17, 2017, which totaled $111,128.50. Under its engagement agreements, Preston must also pay contingent hourly fees at 30% of the usual rates for those hours, which is $47,626.50. Thus, the total amount of attorney fees incurred through October 17, 2017, at the usual hourly rates is $158,755.00. Youtsey contends that the discounted rates are more than reasonable in the Phoenix market, but does not contend that either the usual hourly rates or the number of hours expended is unreasonable. In its reply brief, Preston seeks an additional $8,484.00 for post-judgment discovery and preparing the reply brief for 20.2 hours at 70% of the usual rates. Therefore, the total fees requested based on hourly rates is $167,239.00.

Youtsey objects to the amount Preston seeks based on 20% of the net amount of recovery because it results in an hourly rate much greater than Preston's counsel's standard hourly rates. Preston seeks reimbursement for the contingency fee of 20% of the net amount recovered that it agreed to pay its counsel, which Preston calculates to be $368,981.06. Preston's engagement agreements define "net recovery" as "gross recovery" minus fees actually paid based on hourly rates and costs and expenses actually paid. They define "gross recovery" as "anything of value obtained or received directly or

indirectly by [Preston] from any of the Claims," including money, reduction of debt, etc. Although Preston obtained a judgment of more than $2 million against Youtsey, Preston does not assert that it has received anything of value yet from Preston to satisfy the judgment. Therefore, an award of attorney fees based on any amount Preston hopes to recover from Youtsey would be speculative.

Moreover, an additional contingency fee of nearly $370,000 may be reasonable for Preston to pay its counsel because EZconn and eGtran spent hundreds of thousands of dollars to defeat Andes' claims in other cases, which negated purported offsets to Preston's claim, and because Preston's counsel risked receiving fees based on rates discounted by 30%. But neither reason justifies shifting the additional contingency fee to Youtsey. Therefore, Preston will be awarded attorney fees based on its counsel's usual hourly rates.

IT IS THEREFORE ORDERED that Preston Collection Inc.'s Motion for an Award of Attorneys' Fees and Non-Taxable Costs (Doc. 66) is granted.

IT IS FURTHER ORDERED directing the Clerk to enter judgment in favor of Plaintiff Preston Collection Inc. and against Defendant Steven Youtsey in the amount of $167,239.00 for attorney fees, plus post-judgment interest at the federal rate of 1.78% from the date of this judgment until paid.

Dated this 3rd day of January, 2018.

_____
Neil V. Wake
Senior United States District Judge